IRVING, J.,
Dissenting:
¶ 27. Because I believe the majority fails to follow the precedent established in Hudson v. Taleff, 546 So.2d 359 (Miss.1989), reaffirmed in Brown v. Blackwood, 697 So.2d 763 (Miss.1997), and followed by this Court in Davis v. Powell, 781 So.2d 912 (Miss.Ct.App.2000), I dissent.
¶ 28. After the trial court refused to remove for cause jurors who were former patients of one or both of the defendant doctors or had a close family member who was a former patient, Heaney used all of her peremptory challenges to remove them. Nevertheless, one former patient, Keith Starita, remained as a juror. Dr. William L. Seidensticker had performed some unspecified surgery on Starita fifteen years earlier. However, in my judgment, the passage of time does not mean that Starita could not still harbor a positive opinion of Dr. Seidensticker. On this point, I note that during voir dire when Starita was asked if his prior experience would cause him to favor Dr. Seidensticker, he answered, “[n]ot at all.” There is nothing in the record to indicate that Star-ita was displeased with the surgery. If he was satisfied with the surgery, we know from human nature that he would likely favor Dr. Seidensticker. Our supreme court made this very observation in Scott v. Ball, 595 So.2d 848, 850-51 (Miss.1992):
In a suit in which a physician is a party, a circuit judge must be sensitive to the qualification of a juror who has himself or herself been treated by him, or whose family members have at one time or another been patients of his. This is especially true in our smaller cities and towns, where often there is a shortage of practicing physicians. Mississippians in less populated areas enjoy a close, fraternal relationship with their doctors, and regardless of a ‘prospective juror’s complete sincerity in his belief of his ability to be fair, it is only human nature that in most cases he will be more than reluctant to return a verdict against the physician. The circuit judge recognized this, of course, when he excused seven of the jurors challenged for cause for this reason. He erred in not excusing prospective juror Smith, No. 20, for cause for this reason.
(Emphasis added).
¶ 29. It is noteworthy that the trial judge could have excused Starita for cause, and there would have been thirty-five jurors left on the panel, more than an ample supply from which to select twelve jurors who were neither challenged for cause nor were former patients of either of the defendant doctors, nor had a family member who was a former patient. On these facts, I cannot discern any justification for the trial judge’s decision not to strike for cause juror Starita. Therefore, I am compelled to conclude that the trial judge abused his considerable discretion when he refused to strike Starita for cause. The majority posits that Kathleen W. Heaney might have had a better reason for keeping another juror, David Mohler, on the panel and using her peremptory strike on *230 Starita.[3] It seems to me that there was no good reason to keep either. From Moh-ler’s responses, it is' very reasonable to assume that he may not have been entirely candid. Again, human nature tells us that if Mohler’s mother had problems with the surgery performed by Dr. Seidensticker, that fact would weigh on his mind, notwithstanding his assertion that it would not.
¶ 30. For the reasons presented, I dissent. I would reverse and remand this case for a new trial.
KING, C. J., AND GRIFFIS, J., JOIN THIS OPINION.

. Mohler indicated during voir dire that Dr. Seidensticker had performed hip replacement surgery on Mohler’s mother and knee surgery on him and that his mother had had problems with dislocations. Mohler also said that these facts would not weigh on his mind. At some later point, Mohler said that there was nothing about the relationship with Dr. Seiden-sticker that would make him favor Dr. Seid-ensticker.